For the foregoing reasons, the protests are overruled and judgment will be entered for the defendant.

_____

(C.D. 3557)

LAFAYETTE ELECTRONICS INTERNATIONAL, INC. *v*. UNITED STATES

_____

United States Customs Court, Second Division

_____

_____

(Decided September 16, 1968)

*Barnes, Richardson & Colburn* for the plaintiff.
*Edwin L. Weisl, Jr.*, Assistant Attorney General, for the defendant.

Before RAO and FORD, Judges

RAO, Chief Judge: The merchandise covered by the protest listed above consists of cases which were assessed with duty at the rate of 30 per centum ad valorem plus 25 cents per pound under item 389.60 of the Tariff Schedules of the United States, for other articles of man-made fibers, not specially provided for.

It is claimed in said protest that said cases consist of the usual containers of the radios with which they were imported, and, hence, they are classifiable within the provision for radiotelegraphic and radiotelephonic transmission and reception apparatus; radiobroadcasting and television transmission and reception apparatus and parts thereof, under item 685.22 of said tariff schedules, as amended by the Tariff Schedules Technical Amendments Act of 1965, of the kind for which duty at the rate of 12.5 per centum ad valorem is provided.

This protest has been submitted for decision upon a written stipulation of counsel for the respective parties hereto which reads as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States that the articles marked "A" and initialed JS (Import Specialist's Initials) by Import Specialist J. Sollazzo (Import Specialist's Name) on the invoice covered by the above-entitled protest, and assessed with duty at 30% ad val. plus 25¢ per pound under Item 389.60, Tariff Schedules of the United States, and claimed dutiable at 12.5% ad val. under Item 685.22, of said Schedules, consists of cases, imported on or after December 7, 1965, the effective date of the Tariff Schedules Technical Amendments Act of 1965, which are containers of usual types ordinarily sold at retail with the radios covered by the same entry and assessed with duty at the rate of 12.5% ad val. under Item 685.22, such containers being those described in General Headnote 6(b)(i) of said Schedules, as amended by said Technical Amendments Act.

IT IS FURTHER STIPULATED AND AGREED that the subject protest may be submitted on this stipulation, said protest being limited to the articles marked "A" as aforesaid.

Upon the agreed statement of facts, we hold the merchandise here in question, identified by invoice items marked and initialed as aforesaid, to be dutiable at the rate of 12.5 per centum ad valorem, as the usual containers of radios, which are classifiable under item 685.22 of said tariff schedules, as amended by said technical amendments act, for radiotelegraphic and radiotelephonic transmission and reception apparatus; radiobroadcasting and television transmission and reception apparatus and parts thereof. The claim in the protest to that effect is sustained. All other claims are, however, overruled.

Judgment will be entered accordingly.